1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAJ SINGH, et al.,                         No.  2:15-cv-2663 MCE CKD PS

12                  Plaintiffs,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   TAMMY FERNANDES, et al.,

15                  Defendants.

16

17        By order filed January 6, 2016, plaintiff was ordered to show cause why this action should

18   not be dismissed for lack of subject matter jurisdiction.  Plaintiffs have filed a response to the

19   order to show cause.  ECF No. 4.

20        The complaint names as defendants plaintiffs' former tenant and the attorneys who

21   represented the former tenant in a state court action against plaintiffs.  Plaintiffs allege that

22   defendants violated their constitutional rights.  However, defendants do not appear to be state

23   actors and therefore a claim under the Civil Rights Act, 42 U.S.C. § 1983, cannot lie.

24        In the response to the order to show cause, plaintiffs assert that defendants should be

25   considered state actors.  Defendants do not meet any of the four tests articulated by the Supreme

26   Court for determining whether a private party's conduct constitutes state action.  Franklin v. Fox,

27   312 F.3d 423, 445 (9th Cir. 2002) (private individual's action can amount to state action under (1)

28   public function test, (2) joint action test, (3) state compulsion test, or (4) governmental nexus

1

test).  Plaintiffs here, in conclusory fashion, assert that defendants conspired to deprive plaintiffs of their constitutional rights.  It appears plaintiffs are contending defendants are state actors under the joint action test.  Plaintiffs fail to set forth facts sufficient to hold defendants liable as state actors.  See Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (to be liable as a co-conspirator, private individual must share with public entity the goal of violating plaintiff's constitutional rights).  Because it does not appear plaintiffs can allege facts, within the strictures of Federal Rule of Civil Procedure 11, that would support a claim that defendants are state actors and plaintiffs set forth no other proper basis for subject matter jurisdiction, the complaint should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 26, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 singh2663.nosmj.57

2